UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD SIMONE, JR.,<br>    Plaintiff,<br><br>v.<br><br><br>ANDREW MONACO, JOSEPH FLYNN,<br>ROBERT QUINN, RICHARD MCKEON,<br>THOMAS LENCKI, JR., MARK<br>SUTTMEIER, CLARK GEPHARDT,<br>JOSHUA TREFRY, STEVEN HALLAM,<br>JAMES TOLLNER, JONATHAN<br>BOURGET, JONATHAN SANTIMORE,<br>DAVID ARMSTONG, & JARROD<br>WOELLER,<br>    Defendants. | CIVIL ACTION<br><br>NO. 4:19-11070-TSH |

**ORDER AND MEMORANDUM ON DEFENDANTS' MOTION TO DISMISS (Docket No. 15)**

**November 12, 2019**

**HILLMAN, D.J.**

  Richard Simone, Jr. ("Plaintiff") filed this action under 42 U.S.C. § 1983 for battery and violations of his Fourth and Fourteenth Amendment rights. (Docket No. 1). Sergeant Clark Gephardt ("Sergeant Gephardt"), Officer Steven Hallam ("Officer Hallam"), Sergeant Joshua Trefry ("Sergeant Trefry"), and Commissioner James Tollner ("Commissioner Tollner") (collectively, the "Nashua Defendants") move to dismiss the claims against them for lack of jurisdiction. (Docket No. 15). Because Plaintiff has not shown that the Nashua Defendants are subject to personal jurisdiction in Massachusetts, the Court ***grants*** the motion to dismiss.

**Background**

The following facts are taken from Plaintiff's Complaint (Docket No. 1) and assumed true for the purposes of this motion.

On May 5, 2016, the Worcester District Court issued a warrant for Plaintiff's arrest after he failed to appear at a probation hearing. (Docket No. 1 at 6). Six days later, as Massachusetts police officers tried to arrest Plaintiff, Plaintiff drove over the border into New Hampshire. (Docket No. 1 at 7–8). The Massachusetts police officers coordinated with New Hampshire police officers to continue pursuing Plaintiff. (Docket No. 1 at 8). The pursuit ended when Plaintiff stopped his vehicle on a residential dead-end street in Nashua, New Hampshire. (Docket No. 1 at 8).

Plaintiff remained in his vehicle as officers from Massachusetts State Police, New Hampshire State Police, Holden Police Department, and Nashua Police Department surrounded him. (Docket No. 1 at 8). Sergeant Gephardt, Officer Hallam, and Sergeant Trefry of the Nashua Police Department were among those present. (Docket No. 1 at 8). Plaintiff complied with an officer's order to exit the vehicle and get on the ground. (Docket No. 1 at 8–9). After his surrender, Troopers Andrew Monaco and Joseph Flynn began to strike Plaintiff's body repeatedly. (Docket No. 1 at 10). Although officers of the Nashua Police Department tried to handcuff Plaintiff at one point, they did not try to stop the troopers from hitting Plaintiff. (Docket No. 1 at 10–11). Plaintiff was eventually taken to a hospital in New Hampshire to treat the injuries he sustained during this beating.

On May 8, 2019, Plaintiff filed a § 1983 action against, among others, the Nashua Defendants. (Docket No. 1). Count II alleges that Sergeant Gephardt and Officer Hallam physically restrained Plaintiff while state police officers struck him in violation of his Fourth and

Fourteenth Amendment rights. (Docket No. 1 at 17). Count III alleges that Sergeant Gephardt and Officer Hallam committed battery against Plaintiff. (Docket No. 1 at 18). Count IV alleges that Sergeant Gephardt, Officer Hallam, and Sergeant Trefry violated Plaintiff's constitutional rights by failing to intervene when state police officers hit Plaintiff. (Docket No. 1 at 19). Finally, Count VII alleges that the Nashua Police Department, acting under the supervision of Commissioner Tollner, failed to adequately "train its officers or . . . maintain a policy of intervention when an officer witnesses another law enforcement officer engaging in the clear use of excessive force." (Docket No. 1 at 24).

The Nashua Defendants moved to dismiss for lack of personal jurisdiction on August 16, 2019. (Docket No. 15).

## **Legal Standard**

A plaintiff bears "the burden of establishing that jurisdiction over the defendant lies in the forum state." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc*., 825 F.3d 28, 34 (1st Cir. 2016). When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the court may proceed to adjudication by one or another among several different methods." *Boit v. Gar-Tec Prod*., Inc., 967 F.2d 671, 674 (1st Cir. 1992). The most commonly used standard, applicable here, is the prima facie standard. *Id.* at 675. Under the prima facie standard, a court considers "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Id.* A plaintiff "ordinarily cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts" supporting jurisdiction. *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995).

**Discussion**

To establish personal jurisdiction over the Nashua Defendants, Plaintiff "must meet the requirements of both the Massachusetts long-arm statute and the due process clause of the Fourteenth Amendment." *See A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). "The jurisdictional requirements imposed by the Massachusetts long-arm statute are quite similar to, though not completely congruent with, the jurisdictional requirements imposed by the Due Process Clause." *Baskin-Robbins*, 825 F.3d at 34. In this case, the differences between the requirements of the Massachusetts long-arm statute and the Due Process Clause are not relevant.

There are two types of personal jurisdiction available: general jurisdiction and specific jurisdiction. Plaintiff asserts both types of personal jurisdiction here.

*1. General Jurisdiction*

Plaintiff first contends that the Nashua Defendants are subject to general jurisdiction in Massachusetts. (Docket No. 18 at 5–6). "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992). To assert general jurisdiction over a defendant, the defendant must "essentially [be] at home in the forum State." *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Plaintiff has failed to show that the Nashua Defendants are "at home" in Massachusetts. The Nashua Defendants are residents of New Hampshire and work in New Hampshire. (Docket Nos. 16-1 at 1, 16-2 at 1, 16-3 at 1). They do not own any property in Massachusetts. (Docket Nos. 16-1 at 1, 16-2 at 1, 16-3 at 1). Plaintiff alleges that the Nashua Defendants are nonetheless subject to general jurisdiction in Massachusetts because they "enter[] Massachusetts as part of


their duties as a Nashua police officer." (Docket No. 18 at 6). But Plaintiff cites to the Nashua Defendants' Motion to Dismiss to support this allegation, and the motion specifically notes that Sergeant Gephardt, Officer Hallam, and Sergeant Trefrey do *not* "regularly enter Massachusetts in their normal course of their duties as Nashua police officers."[1] (Docket No. 16 at 2). And the affidavits attached to the motion contain uncontradicted sworn testimony from Sergeant Gephardt, Officer Hallam, and Sergeant Trefrey attesting to this fact. (Docket Nos. 16-1 at 1–2, 16-2 at 1–2, 16-3 at 1–2). Absent evidence demonstrating that the Nashua Defendants entered Massachusetts in the course of their duties, the Court declines to accept this allegation as true.

Plaintiff alternatively contends that the "extensive" contact between New Hampshire and Massachusetts police officers creates continuous and systematic contact warranting general jurisdiction. (Docket No. 18 at 6). But Plaintiff has not alleged that any of the Nashua Defendants engaged in extensive contact with Massachusetts police officers, and this Court declines to hold that reciprocal legislation or contact between police officers in New Hampshire and police officers in Massachusetts creates general jurisdiction as to all police officers in either state.

## 2. *Specific Jurisdiction*

Plaintiff next contends that the Nashua Defendants are subject to specific jurisdiction in Massachusetts. To assess whether specific jurisdiction exists, courts consider "(1) whether the claim 'directly arise[s] out of, or relate[s] to, the defendant's forum state activities;' (2) whether the defendant's in-state contacts 'represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and

---

[1] Plaintiff does not separately suggest that Commissioner Tollner regularly entered Massachusetts as part of his normal duties.

making the defendant's involuntary presence before the state's courts foreseeable;' and (3) whether the exercise of jurisdiction is reasonable." *Baskin-Robbins*, Inc., 825 F.3d at 35 (quoting *C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.*, 771 F.3d 59, 65 (1st Cir. 2014)).

Plaintiff does not assert that his claims arise out of the Nashua Defendants' contacts with Massachusetts or that the Nashua Defendants purposefully availed themselves of the privilege of conducting activities in Massachusetts. Nor can he. The Nashua Defendants pursued Plaintiff in New Hampshire, arrested him in New Hampshire, allegedly battered him and/or failed to intervene in New Hampshire, and were allegedly inadequately trained in New Hampshire. The relevant contacts, in other words, pertain only to New Hampshire.

Plaintiff appears to argue that the satisfaction of the Gestalt reasonableness factors can remedy the failure to demonstrate relatedness or purposeful availment. But the First Circuit has rejected this premise. *See, e.g.*, *United Elec., Radio & Mach. Workers of Am. v. 63 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992). In *United Electrical, Radio and Machine Workers of America*, for example, the First Circuit declined to consider the second or third prong of the specific jurisdiction analysis for the plaintiff's breach of contract claim where plaintiff failed to meet the relatedness prong. *See id.* at 1089–90. Thus, Plaintiff's failure to introduce any evidence of relatedness or purposeful availment is fatal to his claim, and the Court cannot exercise specific jurisdiction over the Nashua Defendants.

## Conclusion

For the reasons stated above, Defendants' motion is ***granted***. (Docket No. 15).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**