**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                             )
**RICHARD SIMONE, JR.,**                  )
         **Plaintiff,**                        )        **CIVIL ACTION**
                                                             )
     **v.**                                           )        **NO. 4:19-11070-TSH**
                                                             )
                                                             )
**ANDREW MONACO, JOSEPH FLYNN,** )
**ROBERT QUINN, RICHARD MCKEON,** )
**THOMAS LENCKI, JR., MARK**      )
**SUTTMEIER, CLARK GEPHARDT,**    )
**JOSHUA TREFRY, STEVEN HALLAM,** )
**JAMES TOLLNER, JONATHAN**       )
**BOURGET, JONATHAN SANTIMORE,**  )
**DAVID ARMSTONG, & JARROD**      )
**WOELLER,**                                       )
         **Defendants.**                      )
_____ )

**ORDER AND MEMORANDUM ON DEFENDANTS' MOTION TO DISMISS (Docket No. 31)**

**November 12, 2019**

**HILLMAN, D.J.**

      Richard Simone, Jr. ("Plaintiff") filed this action under 42 U.S.C. § 1983 for battery and violations of his Fourth and Fourteenth Amendment rights. (Docket No. 1). Trooper Andrew Monaco ("Trooper Monaco") of the New Hampshire State Police moves to dismiss the claims against him for lack of jurisdiction. (Docket No. 31). Because Plaintiff has not shown that the Trooper Monaco is subject to personal jurisdiction in Massachusetts, the Court ***grants*** the motion to dismiss.

## Background

The following facts are taken from Plaintiff's Complaint (Docket No. 1) and assumed true for the purposes of this motion.

On May 5, 2016, the Worcester District Court issued a warrant for Plaintiff's arrest after he failed to appear at a probation hearing. (Docket No. 1 at 6). Six days later, as Massachusetts police officers tried to arrest Plaintiff, Plaintiff drove over the border into New Hampshire. (Docket No. 1 at 7–8). The Massachusetts police officers coordinated with New Hampshire police officers to continue pursuing Plaintiff. (Docket No. 1 at 8). The pursuit ended when Plaintiff stopped his vehicle on a residential dead-end street in Nashua, New Hampshire. (Docket No. 1 at 8).

Plaintiff remained in his vehicle as officers from Massachusetts State Police, New Hampshire State Police, Holden Police Department, and Nashua Police Department surrounded him. (Docket No. 1 at 8). Trooper Andrew Monaco was among those present. (Docket No. 1 at 8). Plaintiff complied with an officer's order to exit the vehicle and get on the ground. (Docket No. 1 at 8–9). After his surrender, Trooper Andrew Monaco and Massachusetts State Police Trooper Joseph Flynn began to strike Plaintiff's body repeatedly. (Docket No. 1 at 10). Plaintiff was eventually taken to a hospital in New Hampshire to treat the injuries he sustained during this beating.

On May 8, 2019, Plaintiff filed a § 1983 action against, among others, Trooper Monaco. (Docket No. 1). Count I alleges that Trooper Monaco struck Plaintiff in violation of his Fourth and Fourteenth amendment rights. (Docket No. 1 at 16). Count III alleges that Trooper Monaco battered Plaintiff. (Docket No. 1 at 18). Trooper Monaco moved to dismiss for lack of personal jurisdiction on September 16, 2019. (Docket No. 31).

**Legal Standard**

A plaintiff bears "the burden of establishing that jurisdiction over the defendant lies in the forum state." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc*., 825 F.3d 28, 34 (1st Cir. 2016). When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the court may proceed to adjudication by one or another among several different methods." *Boit v. Gar-Tec Prod*., Inc., 967 F.2d 671, 674 (1st Cir. 1992). The most commonly used standard, applicable here, is the prima facie standard. *Id.* at 675. Under the prima facie standard, a court considers "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Id.* A plaintiff "ordinarily cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts" supporting jurisdiction. *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995).

**Discussion**

To establish personal jurisdiction over Trooper Monaco, Plaintiff "must meet the requirements of both the Massachusetts long-arm statute and the due process clause of the Fourteenth Amendment." *See A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). "The jurisdictional requirements imposed by the Massachusetts long-arm statute are quite similar to, though not completely congruent with, the jurisdictional requirements imposed by the Due Process Clause." *Baskin-Robbins*, 825 F.3d at 34. In this case, the differences between the requirements of the Massachusetts long-arm statute and the Due Process Clause are not relevant.

There are two types of personal jurisdiction available: general jurisdiction and specific jurisdiction. Neither applies here.

*1. General Jurisdiction*

"General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992). To assert general jurisdiction over a defendant, the defendant must "essentially [be] at home in the forum State." *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Trooper Monaco is not "at home" in Massachusetts. He is a resident of New Hampshire who works in New Hampshire. (Docket Nos. 32-1 at 1). He does not own any property in Massachusetts or regularly enter Massachusetts in the course of his duties. (Docket No. 32-1 at 2). Thus, this Court cannot exercise general jurisdiction over Trooper Monaco.

*2. Specific Jurisdiction*

To assess whether specific jurisdiction exists, courts consider "(1) whether the claim 'directly arise[s] out of, or relate[s] to, the defendant's forum state activities;' (2) whether the defendant's in-state contacts 'represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable;' and (3) whether the exercise of jurisdiction is reasonable." *Baskin-Robbins*, Inc., 825 F.3d at 35 (quoting *C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.*, 771 F.3d 59, 65 (1st Cir. 2014)).

Plaintiff's claims do not arise out of the Trooper Monaco's contacts with Massachusetts, nor is there any indication that Trooper Monaco purposefully availed himself of the privilege of conducting activities in Massachusetts. He pursued the Plaintiff in New Hampshire, arrested him

in New Hampshire, and allegedly battered him in New Hampshire.  The relevant contacts, in other words, pertain only to New Hampshire.

At oral argument, Plaintiff argued that the satisfaction of the Gestalt reasonableness factors can remedy the failure to demonstrate relatedness or purposeful availment.  But the First Circuit has rejected this premise.  *See, e.g.*, *United Elec., Radio & Mach. Workers of Am. v. 63 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992).  In *United Electrical, Radio and Machine Workers of America*, for example, the First Circuit declined to consider the second or third prong of the specific jurisdiction analysis for the plaintiff's breach of contract claim where plaintiff failed to meet the relatedness prong.  *See id.* at 1089–90.  Thus, Plaintiff's failure to introduce any evidence of relatedness or purposeful availment is fatal to his claim, and the Court cannot exercise specific jurisdiction over the Trooper Monaco.

## Conclusion

For the reasons stated above, Trooper Monaco's motion is ***granted***.  (Docket No. 31).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**